IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN F. ASHE, JR., and DIANNE ASHE, ) <br> ) <br> and ) <br> ) <br> WAYNE D. RAETHER, ) <br> d/b/a COUNTY LINE GRADING, ) <br> ) <br> Defendants. ) | Civil Action No. 13-cv-246 |

## COMPLAINT

Plaintiff United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under section 309(b) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b), to obtain injunctive relief against John F. Ashe Jr.; Dianne Ashe; and Wayne D. Raether d/b/a County Line Grading (collectively "Defendants"), for the discharge of pollutants into waters of the United States in the Town of Wilson, Eau Claire County, Wisconsin, without authorization by the United

States Department of the Army, in violation of CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a) and 1344.

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); and (2) to require Defendants, at their own expense and at the direction of the Environmental Protection Agency, to restore the damages caused by their unlawful activities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the Western District of Wisconsin pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b), because Defendant Raether resides and conducts business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Wisconsin pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## PARTIES

6. Plaintiff in this action is the United States of America. Authority to bring this action is vested in the Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendants John F. Ashe, Jr., and Dianne Ashe (the "Ashe Defendants") are private individuals residing at 258 Bobwhite Lane, Bloomingdale, Illinois. The Ashe Defendants own the parcel of property that is the subject of this action located in the

Town of Wilson, Eau Claire County, Wisconsin (hereinafter referred to as the "Ashe Site").

8. Defendant Wayne D. Raether ("Raether"), is an individual d/b/a County Line Grading which is a sole proprietorship, engaged in the use of mechanical equipment to move earth and other material to alter natural terrains. Raether resides in Gilman, Wisconsin, and does business in the Western District of Wisconsin.

9. At all times relevant to the Complaint, one or more of the Defendants either owned, leased or otherwise controlled the real property that is the subject of this Complaint, the Ashe Site, or otherwise controlled the activities that occurred on such property.

10. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

## STATUTORY AND REGULATORY BACKGROUND

11. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to section 404 of the CWA, 33 U.S.C. § 1344.

12. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

13. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and cellar dirt.

14. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

3

15. 33 C.F.R. § 328.3(a)(1), (2), (5) and (7) defines "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries of such waters; and (iv) wetlands adjacent to such waters or their tributaries.

16. 33 C.F.R. § 328.3(b) defines "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

17. 33 C.F.R. § 328.3(c) defines "adjacent" as "bordering, contiguous, or neighboring."

18. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernable, confined and discrete conveyance . . . from which pollutants are or may be discharged."

19. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include an individual.

20. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into the navigable waters of the United States.

21. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

22. The Ashe Site is comprised of approximately 60 contiguous acres of land

4

situated in the southwest quarter of the northwest quarter of Section 11, Township 27 North, Range 5 West, Town of Wilson, Eau Claire County, Wisconsin. The Ashe Site's street address is 1535 Hamilton Falls Road, Stanley, Wisconsin. The Ashe Site is depicted on Exhibit A attached hereto.

23. An unnamed stream enters the Ashe Site on the west and runs approximately 2,000 feet to the east perimeter, where it exits the property and runs for approximately a half mile before entering the Wolf River, a relatively permanent water. Wetlands on the Ashe Site abut the unnamed stream.

24. The Wolf River flows approximately 0.52 miles to the North Fork of the Eau Claire River which then flows approximately 9 miles to the Eau Claire River. The Eau Claire River flows approximately 27 miles to the Chippewa River which flows into the Mississippi River. The Chippewa River and the Mississippi River are traditionally navigable waters of the United States under section 10 of the River and Harbors Act of 1899, 33 U.S.C. § 403. The Wolf River is a traditionally navigable water.

25. The unnamed stream and wetlands on the Ashe Site are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder.

26. The unnamed stream at the Ashe Site has continuous flow of surface water to the Wolf River, at least seasonally.

27. The affected wetlands at the Ashe Site have or had a continuous surface connection, prior to the unauthorized activities, to the unnamed stream that is a tributary to the Wolf River.

28. The affected wetlands at the Ashe Site are less than approximately 0.5

5

miles from the Wolf River and all affected wetlands at the Ashe Site are adjacent to the unnamed stream that connects them.

29. The affected wetlands at the Ashe Site are part of a larger watershed of contiguous, similarly-situated waters, and exhibit flow characteristics and functions that, when considered alone or in combination with similarly situated wetlands in the region, significantly affect the chemical, physical, and biological integrity of the Wolf River.

30. The affected wetlands at the Ashe Site, *inter alia*, provide or provided flood control and/or flood storage; provide or provided pollutant trapping and/or filtering functions; provide or provided nutrient transport; and/or maintain or maintained the chemical composition of the water, natural discharge patterns, and water quality functions that contributed to the aquatic and wildlife habitat of the Wolf River.

31. In August 2003, and over a period of approximately five days, the Ashe Defendants employed Defendant Raether who, using an excavator and a bull dozer, discharged approximately 14,000 cubic yards of dredged material into approximately 3.25 acres of wetlands and stream channel to improve the Ashe Site for recreational use, including a water control structure, a fish pond and adjacent fastland.

32. In August 2003, Defendant Raether with the consent and/or knowledge of the Ashe Defendants, discharged dredged or fill material from point sources into waters of the United States without a permit under CWA section 404 in order to construct a road near the western portion of the property to access northern portions of the property.

33. Between May 19, 2004, and February 6, 2006, the Ashe Defendants discharged dredged or fill material from point sources into waters of the United States without a permit under CWA section 404 on the Ashe Site upstream of the impounded

6

pond in order to create better road access from a residential trailer used by the Ashe Defendants to the fastland adjacent to the fish pond.

34. The dredged or fill material as described in Paragraphs 31-33 that either Defendant Raether, with the consent and/or knowledge of the Ashe Defendants, or the Ashe Defendants or persons acting on behalf of the Ashe Defendants, caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

35. Defendant Raether, with the consent and/or knowledge of the Ashe Defendants, and/or the Ashe Defendants or persons acting on their behalf, used mechanized land-clearing and earth-moving equipment to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

36. The activities in Paragraphs 31-35 include, but are not limited to, the following:

   a. the discharge of dredged or fill material at the Ashe Site to create a dike and impound the flow of the waterway to create a pond and to create fast land around the pond, *see* Fill Area A as marked on Exhibit B;

   b. the discharge of dredged or fill material at the Ashe Site to create road access to the northern portion of the Ashe Site, *see* Fill Area B as marked on Exhibit B; and

   c. the discharge of dredged or fill material at the Ashe Site to create road access from the south to the pond constructed on the Ashe Site, *see* Fill Area C as marked on Exhibit B.

37. The Ashe Defendants either owned, leased or otherwise controlled the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

7

38. One or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities at issue in Paragraphs 31-35.

39. Defendants never obtained a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharge of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, for the discharges described in Paragraph 31-35.

40. Prior to the unauthorized activities referenced in Paragraphs 31-35, above, the Ashe Site contained approximately 30 acres of jurisdictional wetlands, as defined by 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2.

41. Defendants' activities at the Ashe Site resulted in the filling of between 3 and 5 acres of waters of the United States and adversely affected additional waters of the United States.

42. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands and tributaries, at the Ashe Site.

43. Unless enjoined, Defendants or persons acting on their behalf, or with Defendants' consent or knowledge, are likely to allow illegally discharged dredged or fill material to remain in the wetland and tributary at the Ashe Site in violation of CWA section 301, 33 U.S.C. § 1311.

## COUNT ONE: UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL

44. The United States realleges paragraphs 1-43 as if alleged originally herein.

45. Beginning in August 2003, Defendant Raether, with the consent and/or knowledge of the Ashe Defendants, used mechanized land-clearing equipment to

8

discharge dredged or fill material into wetlands at the Ashe Site.

46. Between May 19, 2004, and February 6, 2006, the Ashe Defendants and/or persons acting on their behalf, used mechanized land-clearing equipment to discharge dredge or fill material into wetlands at the Ashe Site.

47. The excavator and bulldozer used by Defendant Raether, the Ashe Defendants and/or persons acting on their behalf, were "point sources" under CWA section 502(14), 33 U.S.C. § 1362(14).

48. The earth and other materials moved by Defendant Raether, the Ashe Defendants and/or persons acting on their behalf, and placed in the channel of the unnamed tributary and its associated wetlands at the Site, are "pollutants" under CWA section 502(6), 33 U.S.C. § 1362(6).

49. The emplacement of earth and other materials into the unnamed tributary and its associated wetlands described above at the Site constitute "discharges of pollutants" under CWA section 502(12), 33 U.S.C. § 1362(12).

50. No Defendant ever obtained a permit from the Secretary of the Army, acting through the Chief of Engineers, under CWA section 404, 33 U.S.C. § 1344, for any of the discharges previously alleged.

51. Defendants' discharge of pollutants into navigable waters from a point source without a permit issued under CWA section 404, 33 U.S.C § 1344, is a violation of CWA section 301(a), 33 U.S.C. § 1311(a), which authorizes the Administrator to seek a temporary or permanent injunction for compliance under CWA section 309(b), 33 U.S.C. § 1319(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. Permanently enjoin Defendants from discharging or causing the discharge of dredged or fill material or other pollutants into any water of the United States except in compliance with a CWA permit;

2. Order all Defendants to undertake measures, at Defendants' own expense and at the direction of the Environmental Protection Agency, to remove all illegal fill from the waters of the United States and restore affected areas to their original contours, including restoration of the original flora; and

3. Grant such other relief as this Court deems just and proper.

                            Respectfully submitted,

Dated: April 10, 2013

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Laurel A. Bedig
LAUREL A. BEDIG
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

JOHN W. VAUDREUIL
United States Attorney
LESLIE HERJE
Assistant United States Attorney
660 W. Washington Ave., Ste 303
Madison, Wisconsin 53701

OF COUNSEL:

ROBERT S. GUENTHER
Associate Regional Counsel
United States Environmental Protection Agency
77 West Jackson Boulevard (C-14J)
Chicago, Illinois 60604-3590